**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | |
|---|---|
| CATHY MINIX, individually )<br>and as mother and natural guardian of )<br>Steven Zick; and Steven Zick, individually, )<br>    )<br>    Plaintiffs, )<br>    )<br>v. )<br>    )<br>ANDREW PAZERA, *et al*, )<br>    )<br>    Defendants. ) | Civil Action No. 3:06-CV-398 JVB |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 70], Plaintiffs' Motion for Hearing [DE 77], and Defendants' Motion to Strike [DE 78].

**A.    Standard of Review**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628.. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.** **Background and Facts**

Plaintiff Steven Zick was a student[1] in the Indiana Department of Corrections ("IDOC") Juvenile Division from September 2002 to May 2003. Plaintiff Cathy Minix is his mother. During his period of incarceration, Zick spent time at Indiana's Logansport Juvenile Diagnostic Facility, South Bend Juvenile Correctional Facility, Plainfield Juvenile Correctional Facility, and Northeast Juvenile Facility.

---

[1]"Student" is the word commonly used to refer to inmates at juvenile detention facilities.

Zick alleges that during his period of incarceration, officials at the facilities discontinued the psychiatric medicine that was prescribed to him before his incarceration and that facility officials failed to provide him with adequate mental health and medical attention. He further alleges that the staff at these facilities did not provide sufficient supervision and allowed, or at the very least, failed to prevent, beatings and sexual assaults against him. Finally, he contends that the facility officials knew that sexual assaults and violence occurred frequently but did not take any steps to prevent these conditions.

Zick asserts claims against Defendants pursuant to 42 U.S.C. § 1983 for the violation of his Eighth and Fourteenth Amendment rights. Additionally, Zick asserts state law claims against all Defendants. Minix alleges intentional infliction of emotional distress and negligent infliction of emotional distress claims against all Defendants.

**C.      Analysis**

**1.      § 1983 Claims against Defendants in Their Official Capacities**

Defendants claim that they are entitled to sovereign immunity for the § 1983 claims against them in their official capacities. Plaintiffs counter that the Defendants have waived their Eleventh Amendment sovereign immunity by removing the case from state to federal court. In support of this, Plaintiffs cite *Lapides v. Board of Regents*, 535 U.S. 613, 616 (2002), which they argue stands for the premise that removal from state to federal court by a defendant waives sovereign immunity in § 1983 cases. However, in *Lapides*, the United States Supreme Court specifically limited its holding to state law claims to which the state has explicitly waived immunity from state court proceedings and not to federal claims beginning in state court. *Id*.

3

("This is because [the plaintiff's] only federal claim against the State arises under 42 U.S.C. § 1983, and we have held that a State is not a "person" against whom a § 1983 claim for money damages might be asserted.") In this case, Defendants removed Plaintiff's claims, including his § 1983 claims, from state court to federal court, which does not waive sovereign immunity. Accordingly, summary judgment is granted in favor of Defendants on Plaintiffs' claims against them in their official capacities.

2.      **§ 1983 Claims against Defendants in Their Individual Capacities**[2]

The Court now turns to Zick's § 1983 claims against Defendants Pazera, Commons, Ridley-Turner, Whitcomb, Gibson, and Cline in their individual capacities. The Court finds that there are genuine issues of material fact relating to the claims against these Defendants and summary judgment is denied as to those claims. Fed. R. Civ. P. 56(c).

As to Plaintiffs' claims against Defendants Harris, Derda, Shaw, Perez, Bodner, Spells, McCoy, Strickland, Ward, Mitchell, Mills, Winston, Sylvester, and Kyetta, the Court deems Plaintiffs to have abandoned the claims against these officers. In their response brief, Plaintiffs only mention of their claims against these Defendants is to state that they should have known that "a serious problem [in the South Bend facility] existed." (DE 73 at 14, n. 4). When considering a motion for summary judgment, "the district court is not required to scour every inch of the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Hemsworth v.*

---

[2]This does not include Defendant IDOC, which, as a government entity, cannot be sued in its "individual" capacity.

*Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003)). Plaintiffs have failed to identify with particularity sufficient facts or law that would support their claims against Defendants Harris, Derda, Shaw, Perez, Bodner, Spells, McCoy, Strickland, Ward, Mitchell, Mills, Winston, Sylvester, and Kyetta, and, therefore, the Motion for Summary Judgment is granted in favor of these Defendants.

**3.    Plaintiffs' State Claims against Defendants**

Zick also asserts tort claims against all Defendants under Indiana law.[3] Defendants counter that Zick's claims are barred by the Indiana Tort Claims Act, which provides immunity from liability to government entities and government employees acting within the scope of their employment. Ind. Code § 34-13-3-5(a) and (b). In Indiana, a plaintiff bringing a tort claim can allege a tort action against a government employee if the lawsuit "allege[s] that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." Ind. Code § 34-13-3-5(c).

In his response, Zick maintains that the "allegations of malicious, willful, and wanton wrongdoing have been made" in his Amended Complaint. (DE 73 at 23). First, the Court can find no instance in the Amended Complaint in which Zick alleges that any of the Defendants

---

[3]Zick's state law claims include negligent hiring, negligent retention, negligent failure to educate, train, or supervise employees, negligent failure to protect Zick, negligent supervision of the juvenile detainees, and his claim of intentional harm, asserted in section XIII of the Amended Complaint.

5

acted maliciously. Furthermore, each time that Zick alleges that one of the Defendants acted willfully and wantonly, he asserts it in such a way that leads the Court to believe that he asserts that the willful and wanton acts relate to his § 1983 claims and not his claims under Indiana law, because he alleges that these acts violated his Eighth and Fourteenth Amendment rights. *See, e.g.*, DE 2 at 6. Finally, Zick has not alleged in his Amended Complaint that the IDOC acted willfully, wantonly, or recklessly. Therefore, the Court finds that Zick's state law claims are barred by the Indiana Tort Claims Act, and summary judgment is granted in favor of Defendants on these claims.

However, even if Zick's claims were not barred by the Indiana Tort Claims Act, summary judgment would be granted in favor of Defendants. Zick fails to identify facts or law that would entitle him to summary judgment on these claims. Instead, Zick merely states that "[t]he same facts and arguments specific to the federal claims apply to bar summary judgment on the state law negligence claims." (DE 73 at 23). Zick has failed to "set out specific facts showing a genuine issue for trial," and summary judgment would be granted in favor of Defendants on his claims under Indiana law. Fed. R. Civ. P. 56(e)(2).

Minix also asserts two tort claims against Defendants: intentional infliction of emotional distress and negligent infliction of emotional distress. Because Minix did not assert in the Amended Complaint that the Defendants' actions were: "(1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally," her claims are also barred by the Indiana Tort Claims Act. Ind. Code § 34-13-3-5(c).

Even if Minix's claims were not barred, summary judgment would still be granted in

favor of Defendants. Minix fails to "identify with reasonable particularity the evidence upon which" she relies. *Hemsworth*, 476 F.3d at 490. Instead, Minix merely gives a vague description of the nature of her claims against Defendants:

> [T]here can be no greater concern for rights, i.e., societal bounds than the upholding of expectations that the state comply with the constitutional rights of its citizens. Accordingly . . . there are issues of fact with regard to those violations, and Plaintiff Minix should be allowed to proceed with her claim for intentional infliction of emotional distress. This is all the more true given her efforts to protect her son when she knew he was being injured . . . For the same reasons, she should be allowed to proceed with her negligent infliction of emotional distress [claim]."

(DE 73 at 24). This is insufficient to sustain Minix's claims of negligent and intentional infliction of emotional distress, even if her claims were not barred by the Indiana Tort Claims Act.

An intentional infliction of emotional distress claim under Indiana law occurs when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991). Minix does not show how any of the Defendants engaged in extreme or outrageous conduct directed towards her, fails to specify whether the conduct was intentional or reckless, and provides no evidence of any resulting severe emotional distress. Summary judgment would be granted in favor of Defendants on this claim.

Likewise, Minix's negligent infliction of emotional distress claim would fail. In Indiana, a negligent infliction of emotional distress claim requires a showing that the plaintiff has sustained a "direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person." *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind.

1991). Indiana law also permits a "bystander" claim of negligent infliction of emotional distress, for situations in which a plaintiff "witnesses an injury to the person of a close relative without any physical impact on the plaintiff." Minix does not specify whether she is pursuing her claims under the traditional negligent infliction of emotional distress standard or under a bystander theory, though that is more probable. Regardless of the standard she uses, Minix's claim of negligent infliction of emotional distress would fail because she does not provide the Court with specific facts or law sufficient to sustain this claim. Summary judgment would be granted in favor of Defendants.

**D.  Defendants' Motion to Strike**

The Court now turns to Defendants' Motion to Strike [DE 78]. Defendants argue that several of Plaintiffs' exhibits are inadmissible (Plaintiffs' Exhibits C, E, F, G, H, I, K, L, and R) and urges the Court to strike them from the record. The motion is denied. With the exception of exhibits E, F, and G, the exhibits were not dispositive of the outcome of the motion for summary judgment, and the Court need not consider their admissibility.

Exhibits E, F, and G, are findings of the Civil Rights Division of the Department of Justice on South Bend Juvenile Correctional Facility, Logansport Juvenile Diagnostic/Intake Facility, and the Plainfield Juvenile Correctional Facility. Defendants object to their admissibility for two reasons: first, that they are hearsay and second, that Plaintiffs are attempting to use them to prove issues that are determinative of the case.

The Court will not strike these exhibits. First, even if the exhibits are hearsay, they fall within the public records and reports exception to the hearsay rule, Federal Rule of Evidence 803(8):

> Public records and reports.–Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(8).

Second, if Plaintiffs are attempting to use these exhibits to prove that the Defendants' actions were unconstitutional, the Court is capable of disregarding all argument, interpretation or analysis of the facts, unfounded assertions of fact, or conclusory declarations found in the Statement of Genuine Issues. *See Mayes v. City of Hammond*, 442 F. Supp. 2d 587, 596 (N.D. Ind. 2006) ("[I]t is the function of a court, with or without a motion to strike, to review carefully both statements of material facts and statements of genuine issues and the headings contained therein and to eliminate from consideration any argument, conclusions, and assertions unsupported by the documented evidence of record offered in support of the statement.") The Motion to Strike is denied.

**E.     Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment [DE 70] is GRANTED in part and DENIED in part. Plaintiffs' Motion for Hearing [DE 77] is DENIED as moot. Defendants' Motion to Strike [DE 78] is DENIED.

SO ORDERED on August 9, 2010.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE